IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CV-215-BO

| | |
|---|---|
| UNITED STATES *ex rel.* RICKEY HOWARD, ) ) ) Plaintiff, ) ) v. ) ) HARPER CONSTRUCTION COMPANY, ) a California Corporation, ) ) Defendant. ) | **ORDER** |

This matter is before the Court on defendant's motions for certification pursuant to 28 U.S.C. § 1292(b) and to transfer venue pursuant to 28 U.S.C. § 1404(a). Relator has responded, defendant has replied, and the motions are ripe for ruling. For the reasons discussed below, the motion for certification is denied and the motion to transfer is granted.

BACKGROUND

Plaintiff, relator, filed this *qui tam* action pursuant to the False Claims Act (FCA), 31 U.S.C. §§ 3729–3732, under seal in June 2012. Relator's allegations concern fraud against the United States in the implementation of subcontracting plans on large construction projects at Marine Corps bases Camp Lejeune and Camp Pendleton. Relator filed his first amended complaint as of right on January 31, 2013. In December 2013, the United States intervened in this action as to certain defendants and resolved its claims as to those defendants as reflected in a settlement agreement. Relator is now prosecuting this action on behalf of the United States as to the sole remaining defendant, Harper Construction. In an order filed on March 2, 2015, the Court allowed relator to amend his complaint a second time. Defendant then filed a motion to dismiss,

which the Court denied in an order filed July 8, 2015. Twelve days later, defendant filed the motion to certify, in which it requests that this Court certify the order denying the motion to dismiss as appealable pursuant to 28 U.S.C. § 1292(b). Defendant subsequently filed a motion to transfer venue to the Southern District of California pursuant to 28 U.S.C. § 1404(a).

DISCUSSION

*Motion for Certification*

Section 1292(b) provides that a district judge may certify an order as immediately appealable if he finds that it "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). While § 1292(b) was enacted in order to permit interlocutory appeals under some circumstances, "it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865 (2nd Cir. 1996). The decision to certify an interlocutory appeal is soundly within the discretion of the court that has issued the order. *State of N.C. ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995). Even if the requirements of section 1292(b) are satisfied, the district court has "unfettered discretion" to decline to certify an interlocutory appeal if exceptional circumstances are absent. *Picard v. Katz*, 466 B.R. 208, 210 (S.D.N.Y. 2012) (quotation and citation omitted). The Court notes at the outset that upon its filing of the July 8, 2015, Order, it was not of the opinion that certification of an interlocutory appeal was warranted or necessary, thus defendant must ask the Court to amend its order to include such certification.

A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it

2

goes." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, *5 (4th Cir. 1989) (unpublished). Defendants argue that the issue of application of the implied certification theory is a controlling question of law. Relators have additional claims that would not be resolved by application of the implied certification theory, however. Accordingly, the implied certification theory is not an issue that would be completely dispositive of the litigation.

Even assuming *arguendo* that the implied certification theory is dispositive of this litigation, there is no substantial ground for difference of opinion. When there is binding Fourth Circuit precedent directly on point, there "is not a controlling question of law subject to substantial ground for difference of opinion." *Howes*, 889 F. Supp. at 854. The Fourth Circuit's decision in *U.S. ex rel. Badr v. Triple Canopy, Inc.*, 775 F.3d 628 (4th Cir. 2015), constitutes binding Fourth Circuit precedent directly on point.[1] That non-binding precedent in other jurisdictions may counsel a different result does not constitute substantial grounds for a difference of opinion. *See, e.g., Howes*, 889 F. Supp. at 854.

Additionally, even had the Court not determined that both of the statutory requirements have been soundly satisfied, this is not an exceptional circumstance that would warrant approval of a piecemeal appeal. Since the entry of the order defendant wishes to appeal, discovery has proceeded and the parties have selected a mediator. The litigation is not at an advanced stage, and the general rule is that the decisions of this Court are more "effectively and more efficiently reviewed together in one appeal from the final judgment." *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993) (certification appropriate where ruling would not be reviewable on appeal from final judgment); *see also Terry v. June*, 368 F. Supp.2d 538, 540 (court of appeals generally performs best where there is a complete record and final decision on all issues). The Court

---

[1] The Court recognizes a petition for certiorari has been filed in *Triple Canopy*, however the petition has not been granted, thus *Triple Canopy* remains controlling law.

3

simply sees no reason not to permit this case to go forward to its conclusion, whereafter the appropriate party or parties may appeal from final judgment should they so determine. Accordingly, defendant's motion to certify is denied.

*Motion to Transfer*

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "An order allowing transfer of a matter to another district is committed to the discretion of the district court." *In re Ralston Purina Co.*, 726 F.2d 1002, 1005 (4th Cir. 1984). In determining whether transfer is appropriate, the Court may consider numerous factors, including the plaintiffs' choice of forum, witness convenience and access, the convenience of the parties, where the events occurred that gave rise to the action, and enforceability of judgment. *See Collins v. Straight Inc.*, 748 F.2d 916, 921 (4th Cir. 1984); *Nutrition & Fitness, Inc. v. Blue Stuff, Inc.*, 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003).

Typically, a plaintiff's choice of forum should be accorded great weight, although the court should transfer the case where the interests of justice weigh heavily in favor of transfer. *Jim Crockett Promotions, Inc. v. Action Media Grp., Inc.*, 751 F. Supp. 93, 95 (W.D.N.C. 1990). Where, however, the relator is asserting the rights of the real party in interest—the United States Government—the Court believes that the relator's choice of forum carries less weight. *U.S. ex rel. LaValley v. First Nat'l Bank of Boston*, 625 F. Supp. 591, 593 (D.N.H. 1985). Additionally, the deference given to a plaintiff's choice of forum is proportional to the relationship between the forum and the cause of action. *Parham v. Weave Corp.*, 323 F. Supp. 2d 670, 674 (M.D.N.C. 2004). In addressing defendant's motion, the Court bears in mind that the

4

ultimate decision regarding the propriety of transfer is not a rigid calculation, but rather is within the "art of judging." *Datasouth Comput. Corp. v. Three Dimensional Techs., Inc.*, 719 F. Supp. 446, 451 (W.D.N.C. 1989) (citation omitted).

The second amended complaint identifies six construction projects. One is located within the Eastern District of North Carolina. The other five are located in California: four in the Southern District and one in the Central District. Out of 28 witnesses identified by defendant in its initial disclosures, 27 are located in the vicinity of San Diego, California, and one is in the Eastern District of North Carolina. Of the witnesses identified by relator in the initial disclosures, 22 are in the vicinity of San Diego, while three are located in the Eastern District of North Carolina. Accordingly, witness convenience and the location of the events that gave rise to the action heavily weigh in favor of transfer. Though a plaintiff's choice of forum is typically given significant weight, the relator is not the real party in interest, but instead is bringing the case on behalf of the United States. Additionally, the relationship between the forum and cause of action here is less significant because North Carolina is only one place out of six where these events allegedly arose. Although the Court does afford the relator's choice of venue in this district some weight, that single factor simply does not outweigh the other factors that tip decidedly in favor of transferring this action to the Southern District of California, where the greatest number of witnesses and actions giving rise to this complaint occurred. In its discretion, the Court finds that the convenience of parties and witnesses and the interest of justice weigh in favor of transferring this case to the Southern District of California and therefore grants defendant's motion to transfer.

## CONCLUSION

For the foregoing reasons, defendant's motion for certification [DE 73] is DENIED. Defendant's motion to transfer venue [DE 102] is GRANTED and the Clerk is hereby DIRECTED to transfer this action to the Southern District of California. In light of the Court's transfer of this case to the Southern District of California, the remaining motions on the docket [DE 80, 94] are DENIED AS MOOT and the Clerk is DIRECTED to close the case.

SO ORDERED, this 23 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE